UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONYVETTE RIVERA,

    Plaintiff,

v.                                      CASE NO.: 8:22-cv-00498

PERFUMES 4 U LAS VEGAS INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SONYVETTE RIVERA, (hereinafter "RIVERA," "Mrs. Rivera" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against defendant, PERFUMES 4 U LAS VEGAS INC., (hereinafter "Perfumes 4 U" or "Defendant") and states the following:

### NATURE OF ACTION

1.    Plaintiff brings this action against the Defendant, her former employer, for failure to pay overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA").

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over this action, because, PERFUMES 4 U, operates substantial business in Hillsborough County, Florida and the damages at issue occurred in Hillsborough County, Florida.

4. Venue is proper in the Middle District of Florida under 28 USC § 1391(b)(2) because all of the events giving rise to these claims occurred within this judicial district and Defendant employed Plaintiff at a location within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Hillsborough County, Florida in the Middle District of Florida.

6. Defendant is a foreign corporation organized under the laws of Nevada and operates a store in Hillsborough County, Florida.

7. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

## ALLEGATIONS OF FACT

9. On March 25, 2021, Ms. Rivera was hired as the Store Manager.

10. Plaintiff began her employment with Defendant at a location in Hillsborough County within the Middle District of Florida.

11. As a Store Manager, Ms. Rivera was in charge of receiving merchandise, stocking shelves, managing inventory, arranging displays and ringing up customers.

12. In that role Ms. Rivera earned $43,000.00 annually. Perfumes 4 U treated Ms. Rivera as an exempt salaried employee; however, she performed duties typical of any non-exempt hourly employee.

13. Moreover, Ms. Rivera was often the only employee in the store.

14. Over the course of her employment, Ms. Rivera frequently worked over 40 hours each week.

15. Ms. Rivera earned $826.93 per week this equated to $20.67 per hour.

16. Over the course of her employment Ms. Rivera worked approximately sixty (60) hours of unpaid overtime.

17. Plaintiff was not compensated at the statutory rate of time and one-half the regular rate for all hours of overtime which he worked.

18. Though Plaintiff held the title of Store Manager her actual duties and responsibilities were such that she was not exempt from receiving over time under the FLSA.

19. Plaintiff's duties as a Store Manager included receiving merchandise, stocking shelves, ringing up customers, checking inventory, arranging displays and cleaning the store.

20. Plaintiff had no role in hiring or firing employees.

21. Plaintiff did not have the authority to promote employees, determine their rates or benefits, or give raises. She did not make personnel decisions or decide whether employees should face disciplinary action for infractions.

22. Plaintiff was not a manager as the term is defined within the FLSA. Plaintiff's primary responsibilities were checking inventory, receiving merchandise and ringing up customers.

23. Plaintiff's work did not involve the exercise of discretion and judgment. She had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

24. Defendant has willfully and intentionally violated the FLSA by misclassifying Plaintiff's position as exempt and thereby denying her overtime wages to which she was entitled under the FLSA.

25. Defendant knowingly and willfully misclassified Plaintiff as exempt for the purposes of decreasing costs and maximizing profit.

26. Plaintiff was entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of forty hours per week.

27. Defendant failed to pay Plaintiff overtime compensation in the amount of $1,861.22.

## COUNT I

### Unpaid Overtime under 29 U.S.C. § 207

28. Plaintiff incorporates by reference, the allegations set forth above as if fully restated herein.

29. This is an action for damages and equitable relief under the FLSA, including, but not limited to declaratory and injunctive relief.

30. At all relevant times, Defendant was an "employer" as defined by 29 U.S.C. § 203(d).

31. Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e), and has been employed by Defendant since 2021.

32. Plaintiff and Defendant were engaged in commerce 29 U.S.C. § 202(a) and 29 C.F.R. § Section 552.99.

33. 29 U.S.C. § 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours unless such employee receives compensation for all hours he or she works in excess of 40 hours at a rate not less than one and one-half times the regular rate of pay.

34. Defendants regularly employed Plaintiff in excess of 40 hours in a work week and did not pay her at a rate of one and one-half times her regular pay for all hours worked in excess of 40 hours in a workweek, and thus engaged in a pattern and practice of violating 29 U.S.C. § 207 of the FLSA with respect to Plaintiff.

35. Defendant's actions were deliberate, willful, and without good faith or any legal justification within the meaning of the FLSA.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff.

37. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages and is entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

38. Defendant's conduct constitutes a willful violation of 29 U.S.C. § 255(a) of the FLSA, and Defendant knew or showed reckless disregard of the fact that its compensation practices were in violation of these laws.

39. Plaintiff is entitled to recover her attorney's fees and costs connected with this action pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Sonyvette Rivera requests the following relief:

(a) That the Court find Defendant in violation of the overtime compensation provisions of the FLSA;

(b) That the Court find Defendant's violation was willful;

(c) That the Court award Plaintiff overtime compensation for previous hours worked in excess of forty hours for any given week during the year AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216;

(d) That the Court award Plaintiff reasonable attorney's fees and costs pursuant to FLSA § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 2nd day of March 2022.

                                       Respectfully submitted,

*/s/ Gary L. Printy, Jr., Esq*
Gary L. Printy, Jr., Esq.
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
***Attorney for Plaintiff***